SALLIE WALSTON WHITE v. JAMES EDGAR WHITE

No. 67

(Filed 16 March 1979)

1. **Judgments § 10— consent judgment—modification**

   As a general rule a consent judgment cannot be modified or set aside except by agreement of the parties since it is merely a contract between the parties which has been approved by the court.

2. **Divorce and Alimony § 16.5; Husband and Wife § 11— consent judgment—court order to pay alimony—modification**

   When the trial court in a consent judgment adopts the agreement of the parties as its own determination of their respective rights and orders the husband to pay the specified amounts as alimony, the consent judgment is not merely a contract between the parties but a decree of the court which is both modifiable and enforceable by the court's contempt power. G.S. 50-16.9(a).

3. **Divorce and Alimony § 19.5— consent judgment—court order to pay alimony— modification**

   A consent judgment was an order of the court which could be modified pursuant to G.S. 50-16.9(a) where the trial judge adopted the agreement of the parties as his own determination of their respective rights and obligations and "ordered, adjudged and decreed," among other things, that defendant pay $100 per week to plaintiff until her death or remarriage.

**4. Divorce and Alimony § 19.5 — consent judgment — alimony and division of property — separability — modification of support payments**

Even though denominated as such, periodic support payments to a dependent spouse may not be "alimony" within the meaning of G.S. 50-16.9(a) and thus modifiable if they and other provisions for a property division between the parties constitute reciprocal consideration for each other.

**5. Rules of Civil Procedure § 12; Divorce and Alimony § 19.5 — findings on motion to dismiss — appellate court not bound**

A trial court cannot make "findings of fact" conclusive on appeal on a motion to dismiss for failure to state a claim under Rule 12(b)(6), since the resolution of evidentiary facts is not within the scope of the Rule. Therefore, the appellate court was not bound by the trial court's "finding" on a motion to dismiss that the support and property division provisions of a consent judgment were not separable.

**6. Divorce and Alimony § 19.5 — consent judgment — support and property division — separability — situation of parties when judgment entered**

Where a consent judgment provided for (1) support payments to plaintiff, and (2) a division of property, but it is not clear from the language of the consent judgment, its purpose and its subject matter whether the parties intended the support payments and property division to be reciprocal consideration for each other or independent and separable, evidence of the situation of the parties at the time they consented to the judgment is essential to resolution of that issue.

**7. Divorce and Alimony § 19.3 — modification of alimony — allegation of changed circumstances**

Plaintiff's allegation that the support payments she is receiving are totally inadequate under current circumstances is a sufficient allegation of changed circumstances to support modification of the support payments under G.S. 50-16.9(a).

**8. Divorce and Alimony § 19.5 — separation agreement or consent judgment adopted by court — presumption of separability of provisions — burden of proof**

In cases in which the issue of separability of provisions in a separation agreement or consent judgment adopted and made a part of its order by the court is not adequately addressed in the document itself, there is a presumption that the provisions therein are separable and subject to modification by the court upon an appropriate showing of changed circumstances, and the party opposing modification has the burden of proof on the issue of separability by a preponderance of the evidence.

Justice BROCK did not participate in the consideration or decision of this case.

ON appeal pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, reported at 37 N.C. App. 471, 246 S.E. 2d 591, opinion by Chief Judge, now *Justice, Brock* with *Judge Hedrick*

concurring and *Judge Mitchell* dissenting, reversing an order entered by *Judge Harrell* on 18 May 1977 in WILSON District Court. Docketed and argued as No. 69 at the Fall Term 1978.

*Moore, Diedrick, Whitaker & Carlisle, by J. Edgar Moore, Attorneys for plaintiff appellee.*

*Biggs, Meadows, Batts, Etheridge & Winberry, by Charles B. Winberry, and Farris, Thomas & Farris, by Allen G. Thomas, Attorneys for defendant appellant.*

EXUM, Justice.

Plaintiff wife filed a motion in the cause to increase certain periodic payments made to her by defendant husband under an earlier consent judgment. On motion of defendant, the district court dismissed plaintiff's motion without a hearing on the grounds that (1) the consent judgment was not modifiable, and (2) even if it was, plaintiff had failed to make a sufficient allegation of changed circumstances to support modification. The Court of Appeals, with one judge dissenting, reversed the order of the district court, concluding (1) there is nothing on the face of the earlier consent judgment to preclude modification, (2) plaintiff's motion alleges sufficient grounds to support modification, and (3) plaintiff is entitled to a hearing on her motion. We agree with the majority of the Court of Appeals and affirm.

On 22 June 1966 plaintiff filed a claim against defendant for alimony without divorce. Defendant answered, denying the principal allegations of plaintiff's complaint, and counterclaimed for divorce on several grounds. Both plaintiff's claim and defendant's counterclaim were resolved by two judgments entered on 17 November and 24 November 1969, respectively, by Judge Carlton. The 17 November judgment read as follows:

"This cause coming on to be heard and being heard before the Honorable J. Phil Carlton, Chief Judge, Seventh Judicial District, District Court Division; and it appearing to the Court that this is an action for alimony and divorce and that a duly verified complaint and answer have been filed; and that all things and matters in controversy arising out of the actions and pleadings have been agreed upon and settled; and the Court finding as a fact that said agreement is just

and agreeable with respect to both parties and adopting the agreement of the parties as its own determination of their respective rights and obligations;

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That James Edgar White shall pay to Sallie Walston White as permanent alimony the following sums:

(a) $100.00 per week beginning November 17, 1969 and $100.00 on each and every Monday thereafter as like payment until the remarriage or death of Sallie Walston White, whichever occurs first;

(b) $1,000.00 in (1) lump sum payment;

2. That said James Edgar White shall convey to Sallie Walston White by warranty deed his one-half interest in their home located at 306 South Deans Street, Wilson, North Carolina, free and clear of all liens and encumbrances; and that she shall also receive all the right, title and interest in and to all the furnishings and household goods located in said home;

3. That the defendant, James Edgar White, shall pay the costs of this action as taxed by the Clerk.

This the 17 day of November, 1969.

s / J. PHIL CARLTON
Judge Presiding

CONSENTED TO:

s / SALLIE WALSTON WHITE, Plaintiff
s / JAMES EDGAR WHITE, Defendant

MOORE AND DIEDRICK
Attorneys for Plaintiff
s / By: T. J. Diedrick

FARRIS AND THOMAS
Attorneys for Defendant
s / By: Allen G. Thomas"

The 24 November 1969 judgment granted defendant an absolute divorce based on one year's separation.

By motion filed 13 October 1976 plaintiff sought to have the court "increase the amount of support that the Defendant has to pay to the Plaintiff as permanent alimony." Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), which was granted by the trial court. In its order of dismissal, the trial court made a number of "findings of fact" and "conclusions of law." Finding of Fact #16 was that: "The support provisions and the provision for the division of property are not separable." Conclusion of Law #3 was that: "The support provision and the provision for the distribution of real and personal property are not separable and may not be changed."

[1] The principal issue is whether the court has the power to modify the amount of the weekly payments provided for in the consent judgment. As a general rule a consent judgment cannot be modified or set aside except by agreement of the parties. *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956). The basis for this rule is that the consent judgment is merely a contract between the parties which has been approved by the court. *Davis v. Davis*, 213 N.C. 537, 196 S.E. 819 (1938). A consent judgment can be set aside unilaterally, though, in case of fraud or mutual mistake, *Holden v. Holden, supra*, neither of which was alleged here.

[2] Such limitations on a court's power to modify are present, however, only in the case of a purely contractual consent judgment, one in which "the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him." *Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E. 2d 240, 242 (1964). A different situation exists when the trial court "adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony." *Id.* In that case the consent judgment is both modifiable and enforceable by the court's contempt power. The rationale for this distinction is that such a consent judgment is not merely a contract between the parties but rather a decree of the court. *Id.* at 70, 136 S.E. 2d at 243.

This distinction has been adopted in a number of our cases. *See Holsomback v. Holsomback*, 273 N.C. 728, 161 S.E. 2d 99 (1968); *Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966);

*Bunn v. Bunn, supra,* 262 N.C. 67, 136 S.E. 2d 240; *Seaborn v. Seaborn,* 32 N.C. App. 556, 233 S.E. 2d 67 (1977). It is also now embodied in G.S. 50-16.9(a):

> "An *order of a court* of this State for alimony or alimony pendente lite, *whether contested or entered by consent,* may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. This section shall not apply to orders entered by consent before October 1, 1967." (Emphasis added.)

The order in question was entered on 17 November 1969; therefore, if it meets the requirements of G.S. 50-16.9(a) it is modifiable.

[3] For a court to have power to modify a consent judgment, the first requirement of the statute, as with our case law, is that the judgment consented to be an order of a court. The judgment here meets this requirement. Judge Carlton in his order of 17 November 1969 adopted the agreement of the parties as his own determination of their respective rights and obligations and "ordered, adjudged and decreed," among other things, that defendant pay $100 per week to plaintiff until her death or remarriage. The consent judgment is clearly an order of the court. *See Sayland v. Sayland, supra,* 267 N.C. 378, 148 S.E. 2d 218.

[4] The second essential requirement is that the order be one to pay alimony. Even though denominated as such, periodic support payments to a dependent spouse may not be alimony within the meaning of the statute and thus modifiable if they and other provisions for a property division between the parties constitute reciprocal consideration for each other. As explained by Justice, now Chief Justice, Sharp in *Bunn v. Bunn, supra,* 262 N.C. at 70, 136 S.E. 2d at 243:

> "[A]n agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony would be subject to modification in a proper case. (Citations omitted.) *However, if the support provisions and the division of property constitute a reciprocal consideration so that the*

*entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties."* (Emphasis added.)

Defendant contends that as a matter of law the provisions for weekly support payments to plaintiff and for the transfer to her of certain real and personal property are not separable and that the consent judgment is not subject to modification. We do not agree.

[5] Defendant argues at the outset that we are bound on this issue by the trial court's finding of fact that the support provision and the provision for division of property are not separable because plaintiff has not excepted to this finding. There are two replies to this argument. First, this "finding" is, as the trial court later called it, really a conclusion of law, which is subject to review under plaintiff's exception to the signing and entry of the order. *See Greensboro v. Black*, 232 N.C. 154, 59 S.E. 2d 621 (1950).

Second, a trial court cannot make "findings of fact" conclusive on appeal on a motion to dismiss for failure to state a claim under Rule 12(b)(6). The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). In deciding such a motion the trial court is to treat the allegations of the pleading it challenges as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). "The function of a motion to dismiss is to test the law of a claim, not the facts which support it." *Niece v. Sears, Roebuck & Co.*, 293 F. Supp. 792, 794 (N.D. Okla. 1968) (applying Federal Rule 12(b)(6) ). Resolution of evidentiary conflicts is thus not within the scope of the Rule. We are not bound by the trial court's "finding" that the support and property division provisions are not separable.

[6] The question, then, is whether the provision for support payments and the provision for property division in the 17 November 1969 consent judgment are independent and separable. The answer depends on the construction of the consent judgment as a contract between the parties. "The heart of a contract is the intention of the parties. The intention of the parties must be determined from the language of the contract, the purposes of the

contract, the subject matter and the situation of the parties at the time the contract is executed." *Adder v. Holman & Moody, Inc.,* 288 N.C. 484, 492, 219 S.E. 2d 190, 196 (1975).

The parties here have not indicated their intent regarding separability of the two provisions by the language of the contract itself. They did not make the provisions clearly separable as did the parties in *Britt v. Britt,* 36 N.C. App. 705, 711, 245 S.E. 2d 381, 385 (1978), by use of language like the following:

> "The provisions for the support, maintenance and alimony of wife are independent of any division or agreement for division of property between the parties, and shall not for any purpose be deemed to be a part of or merged in or integrated with a property settlement of the parties."

Nor did they express an intent that the provisions be considered reciprocal consideration for each other and thus inseparable in the manner described by the California Supreme Court in *Plumer v. Plumer,* 48 Cal. 2d 820, 825, 313 P. 2d 549, 552 (1957):

> "An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement."

The purpose of the consent judgment was apparently to settle "all things and matters in controversy arising out of the actions and pleadings." This language clearly shows that the parties wished to resolve their then outstanding differences. It does not show, however, that they intended to foreclose any future modification of the support payments. That the payments were denominated "alimony" militates against such an intent, but again it is far from conclusive on the issue.

The subject matter of the judgment was (1) a provision for support payments to plaintiff and (2) a division of property. Defendant argues that the inclusion of both these provisions in the same instrument conclusively points to an intent that they be reciprocal. We do not agree. As this Court stated in *Bunn v.*

*Bunn, supra,* 262 N.C. at 70, 136 S.E. 2d at 243, "[A]n agreement for the division of property rights and an order for the payment of alimony *may* be included as separate provisions in a consent judgment." (Emphasis added.) That both provisions are included in the judgment is, standing alone, inconclusive.

The only remaining factor which may be appropriately considered in discerning the intent of the parties to this judgment is their respective circumstances at the time they consented to it. Here we are handicapped by the trial court's failure to hold a hearing before dismissing the motion. The record is devoid of any facts bearing on the negotiations between the parties, their financial situations before and at the time they consented to the judgment, and their motivation for entering into an agreement with these particular terms. There are some allegations in the documents before us about the parties' finances, but no significant admitted or proven facts. The parties argue a number of inferences from scant information in the record, but their arguments are not persuasive.

In summary, it is not clear from the language of the consent judgment, its purpose and its subject matter what the parties intended on the issue of separability. Evidence of the situation of the parties at the time they consented to the judgment is therefore essential to resolution of the issue.

[7] Defendant contends nevertheless that the order of dismissal by the trial court should be upheld because plaintiff failed to allege properly the third essential element of G.S. 50-16.9(a), changed circumstances. Plaintiff alleged in her motion:

> "That the Plaintiff Sallie Walston White is informed and believes and therefore alleges that the Defendant is currently earning in excess of $100,000.00 per year, which amounts to a substantial change in circumstances warranting an increase in the amount of permanent alimony that is to be paid to her by the Defendant, since the amount of $100.00 per week as set forth in the Judgment of November 17, 1969, is totally inadequate under the current circumstances."

Defendant argues that the only changed circumstance alleged by this language is increased income on the part of defendant and that this standing alone cannot amount to the required showing of

changed circumstances, citing *Arnold v. Arnold*, 332 Ill. App. 586, 76 N.E. 2d 335 (1947). The quoted language should not be read so restrictively. It contains two allegations: (1) that defendant's increased income amounts to changed circumstances; and (2) that the payments of $100 per week to plaintiff are totally inadequate under current circumstances. Changed circumstances do not have to be pled with specificity. *Elmore v. Elmore*, 4 N.C. App. 192, 166 S.E. 2d 506 (1969). Plaintiff's allegation that the payments she is receiving are totally inadequate under current circumstances is sufficient to withstand a motion to dismiss under Rule 12(b)(6). We do not therefore decide whether the other alleged ground is sufficient in itself to withstand defendant's motion.

An evidentiary hearing is thus necessary to determine (1) whether the 17 November 1969 consent judgment is modifiable, and (2) whether there have been sufficient changed circumstances to support modification. Evidence on the first point should be limited to that tending to show whether the support payments and the property division were intended as reciprocal consideration for each other.[1]

The parties here entered into a fairly routine agreement that plaintiff receive (1) $100 per week in "alimony" from defendant until her death or remarriage; (2) a $1000 lump sum payment; and (3) ownership of the home and its furnishings that had belonged to her and defendant. With regard to their common provisions this consent judgment is almost identical to the one in *Bunn v. Bunn*, *supra*, 262 N.C. 67, 136 S.E. 2d 240. There the judgment provided: (1) defendant husband was to pay plaintiff wife $125 per month until her death or remarriage; (2) until their children reached the age of 21 years or married, defendant was to pay $100 per month for their support; (3) plaintiff was to have custody of the children and defendant visiting rights; and (4) defendant was to convey his interest in their home to plaintiff. In discussing this judgment the Court noted, *id.* at 71, 136 S.E. 2d at 244, "While not an issue here, it is clear that the agreement and decree that defendant convey to plaintiff, as a home for herself and the two

---

1. Such evidence might be, for example, that plaintiff agreed to take lesser support payments in return for a greater share of property than she might have expected; or, alternatively, that she opted for higher support payments while foregoing most of her claims to joint property. This would tend to show that the provisions were reciprocal consideration for each other. On the other hand the evidence might show there was little or no disagreement about the property division or little property to be divided and plaintiff accepted $100 per week in support payments because that is all defendant could pay at that time. This would tend to show the provisions were independent and separable.

minor children, the property which they owned as tenants by the entirety was separable from the support provisions."

[8]   While not controlling here, the comment from *Bunn* is persuasive. It represents a common sense view that provisions in a routine agreement for support payments to a dependent spouse and the transfer of the supporting spouse's interest in the family residence are, in the absence of clear language in the agreement to the contrary, generally separable rather than mutually dependent. If, however, the burden of proof on the issue of separability in such cases is on the party seeking modification, the result when it is difficult to marshal satisfactory evidence is that such party either loses outright or is given the opportunity to show changed circumstances only on the basis of the finest distinctions in the wording of a consent judgment or separation agreement. *See* Annotation, Modification of Divorce Decree — Alimony, 61 A.L.R. 3d 520 §§ 19-23 (1975). As the Idaho Supreme Court stated in *Phillips v. Phillips*, 93 Idaho 384, 386, 462 P. 2d 49, 51 (1969):

> "It is our belief that in its attempts to determine the intent of the parties regarding integration or non-integration of the provisions of separation agreements, this Court has been forced to indulge in technical hair-splitting. In some cases the court has held agreements to be integrated . . . while in other cases agreements that were substantially the same but for a word or two have been held to be non-integrated."

As a solution to this problem, the Court in *Phillips* adopted the following rule, *id.* at 387, 462 P. 2d at 52:

> "[W]hen parties enter into an agreement of separation in contemplation of divorce and thereafter the agreement is presented to a . . . court in which a divorce action is pending and the court is requested to approve, ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that each provision of such an agreement is independent of all other provisions and that such agreement is not integrated. . . ."

We think this procedure offers a sensible approach for dealing with the issue of separability of provisions in a consent judgment

or separation agreement in cases in which the question is not adequately addressed in the document itself.[2] We therefore hold that in such cases there is a presumption that provisions in a separation agreement or consent judgment made a part of the court's order are separable and that provisions for support payments therein are subject to modification upon an appropriate showing of changed circumstances.[3] The effect of this presumption is to place the burden of proof on the issue of separability on the party opposing modification. Unlike *Phillips*, however, we hold that the policies underlying the presumption require that this burden be discharged only by a preponderance of the evidence. *See* Stansbury's North Carolina Evidence § 220 (Brandis rev. 1973) (discussing quantum of evidence necessary to overcome presumptions).

In summary, plaintiff is entitled to an evidentiary hearing on her motion in the cause. It is clear that the 17 November 1969 judgment was consented to by the parties and made a part of the court's order. The judgment itself does not adequately address the issue of separability of its key provisions. It is therefore presumed that the provisions in the judgment for support payments and division of property are separable. If plaintiff can show changed circumstances then the support payments may be modified accordingly unless defendant can show by a preponderance of the evidence that the provisions were not intended to be separable.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.

---

2. We regard the approach of *Phillips* as applicable either to separation agreements or to consent judgments adopted and made a part of its order by the Court. The two are quite similar in this respect, and we have in the past applied our rules to them interchangeably. *See Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978).

3. The burden of showing changed circumstances remains on the party seeking modification. *See* G.S. 50-16.9(a).