FRANK W. BARR v. MARGARET I. BARR

No. 8126DC382

(Filed 15 December 1981)

**Divorce and Alimony § 19.5— consent judgment—reciprocal consideration—not modifiable**

The trial court did not err in finding a consent judgment to be a complete property settlement rather than separate alimony and property division provisions where: (1) the preamble to the order stated that "the parties had settled their differences . . .," and (2) both parties were ordered to convey certain property interests under the judgment. The foregoing factors outweighed language in the judgment which indicated an intention to treat the support provisions as alimony. G.S. 50-16.1, G.S. 50-16.2, G.S. 50-16.9(a) and (b).

APPEAL by plaintiff from *Black, Judge.* Order entered 30 December 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 19 November 1981.

*Joseph L. Barrier for plaintiff-appellant.*

*James, McElroy & Diehl, by William K. Diehl, Jr., for defendant-appellee.*

HILL, Judge.

Plaintiff and defendant entered into an agreement on 23 August 1978 which represented "that the parties had settled their differences . . .." With their consent, the court ordered, *inter alia,* that plaintiff transfer title to certain real and personal property to defendant and that plaintiff pay to defendant "monthly alimony" which "shall continue . . . until the defendant remarries or dies." Defendant likewise was ordered to convey her interest in certain other personal property to plaintiff. A judgment of absolute divorce was entered for plaintiff against defendant on 24 August 1978.

On 13 October 1980, defendant alleged that plaintiff had failed to abide by the provisions of the August 1978 order and was

then $7,200.00 in arrears on "alimony" payments to defendant. Defendant prayed the court jail plaintiff, in exercise of its civil contempt powers, "until he purges himself of such contempt." A month later, plaintiff moved the court to modify its August 1978 order "for permanent alimony" pursuant to G.S. 50-16.9(c) because of changed circumstances bearing upon defendant's financial needs and plaintiff's reduction in income.

On 24 November 1980, defendant replaced her October motion with allegations that plaintiff had willfully disobeyed the provisions of the August 1978 order "in that he has ceased making any alimony payments, having made no payments for the past five months and being currently in arrears, as of the time this motion is filed, in the amount of $9,000.00." Defendant further alleged that plaintiff "has willfully depressed his income in order to justify a reduction in alimony payments . . .." Again, defendant prayed the court jail plaintiff for contempt until his obligations are brought current.

At the hearing, defendant withdrew her motion for contempt and moved for judgment respecting the arrearages and plaintiff's motion to modify the August 1978 order. The court found facts and concluded, *inter alia*, the following:

> 2. The Order of this Court dated August 23, 1978, is a consent judgment, not subject to modification as to monthly support payments from Plaintiff to Defendant, absent the mutual consent of the parties.

> \* \* \*

> 4. The support provisions in the Order of August, 1978, constituted reciprocal consideration with respect to the property settlement of the parties.

> \* \* \*

> They are not separable.

> \* \* \*

> Defendant has carried such burden as imposed in WHITE v. WHITE, 296 NC 661, 252 SE 2d 698 (1979) to show by a preponderance of the evidence that the terms of the Order are not separable and thus, not subject to modification.

Plaintiff's motion to modify the August 1978 order was denied, and defendant's request that the arrearages under that order be recovered and reduced to judgment was allowed. Plaintiff appeals from this order.

The August 1978 order is a consent judgment which may be modified if it is an order of the court to pay alimony. *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979); *Walters v. Walters*, 54 N.C. App. 55, 284 S.E. 2d 151 (1981). *See* G.S. 50-16.9(a).

> Even though denominated as such, support payment provisions may not be alimony, and thus modifiable, if those provisions and other provisions for a property division between the parties constitute "a *complete* settlement of all property and marital rights between the parties . . .." *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964) (emphasis original). Furthermore, where those provisions "constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties." *Id.*, *quoted in White v. White, supra* at 666-67, 252 S.E. 2d at 701.

*Walters v. Walters, supra* at 547-48, 284 S.E. 2d at 153.

The question here, as in *Walters*, is whether the payment provisions of the August 1978 order are modifiable alimony provisions independent of and separate from its property division provisions. "The answer depends on the construction of the consent judgment as a contract between the parties." *White v. White, supra* at 667, 252 S.E. 2d at 702. Thus, where the consent judgment is ambiguous, "the intentions of the parties must be determined from evidence of the facts and circumstances surrounding [its] entry . . ., just as the intentions of the parties to an ambiguous written contract must be determined from the surrounding circumstances." *Allison v. Allison*, 51 N.C. App. 622, 627, 277 S.E. 2d 551, 554-55 (1981), *quoted in Walters v. Walters, supra* at 548, 284 S.E. 2d at 154.

Two factors indicate that the parties intended the August 1978 order to be a complete property settlement, and its provisions reciprocal consideration for them, as the court below con-

cluded, rather than separate alimony and property division provisions. First, the preamble to the order states that "the parties had settled their differences . . .." This language is subject to the interpretation that the agreement was considered a complete settlement by the parties. *Cf Walters v. Walters, supra.* Further, plaintiff testified by deposition that "the entire understanding as between myself and my wife is set forth in the [August 1978 order]."

Second, defendant was ordered to convey her interest in certain personal property to plaintiff. Likewise, plaintiff was ordered to transfer his interest in certain other real and personal property, together with "monthly alimony," to defendant. These provisions constitute reciprocal consideration, one for the other. Thus, the provisions of the August 1978 order are related, evincing a complete property settlement between the parties.

On the other hand, the word "alimony" and the provision that plaintiff's support payments to defendant would continue "until the defendant remarries or dies" appear in the August 1978 order. This language is evidence, albeit inconclusive, of the parties' intention to treat the support provisions as alimony. *See* G.S. 50-16.9(b); *see also Walters v. Walters, supra.* In addition, plaintiff testified that he deducted "for tax purposes" the amount of the support payments he paid to defendant. However, there is no language in the order finding defendant to be a "dependent" spouse and plaintiff to be a "supporting" spouse. Such designations are indicative of the payment and receipt of alimony. *See* G.S. 50-16.1 and G.S. 50-16.2. This Court has considered the absence of such findings as supportive of an interpretation that the payment provisions are not alimony. *See Walters v. Walters, supra; Allison v. Allison,* supra.

When the foregoing factors are weighed together, we find that the court below was correct in concluding that the provisions of the August 1978 order constitute reciprocal consideration, and therefore are not separable and modifiable without the parties' consent.

We note that the court applied the presumption of separability of alimony and property division provisions announced in *White v. White, supra,* in construing the August 1978 order. It found that defendant, who opposed the modification of the order,

discharged her burden to prove by a preponderance of the evidence that the provisions of the order are not separable and subject to modification. We agree; the evidence and our foregoing analysis support this conclusion.

The record reveals that the facts as found are supported by the evidence, and the conclusions of law are supported by the facts. For these reasons, the order of the court below is

Affirmed.

Judges VAUGHN and WEBB concur.