FORREST SAM ROGERS, PLAINTIFF v. DELAYNE DEYOUNG ROGERS, DEFENDANT

No. 9225DC488

(Filed 17 August 1993)

**Divorce and Separation § 27 (NCI4th)— separation agreement— support and property division—provisions reciprocal— agreement not modifiable by court**

The trial court did not err in denying defendant's motion in the cause requesting a modification of the parties' separation agreement, though the court had jurisdiction over the parties because the consent judgment in this case was a court order enforceable by the court's contempt power, since the provisions of the separation agreement indicated that it was an integrated property settlement with support provisions and

ROGERS v. ROGERS

[111 N.C. App. 606 (1993)]

other provisions for property division constituting reciprocal consideration for each other.

**Am Jur 2d, Divorce and Separation § 843 et seq.**

Appeal by defendant from order entered on 26 February 1990 by Judge Timothy Kincaid in Burke County District Court and order entered on 11 February 1992 by Judge Robert E. Hodges in Burke County District Court. Heard in the Court of Appeals 15 April 1993.

At the 26 February 1990 Session of Burke County District Court, Judge Timothy Kincaid heard defendant's motion to compel discovery. In ruling on this motion, the court found that the separation agreement between the parties was not subject to modification by the court, and entered a conclusion of law to that effect. Defendant's motion to compel discovery related to the issue of modification was therefore denied. At the 11 February 1992 Session of Burke County District Court, Judge Robert E. Hodges heard the defendant's underlying motion in the cause. Relying upon Judge Kincaid's conclusion of law, Judge Hodges denied that part of the defendant's motion in the cause requesting a modification of the separation agreement. On 9 March 1992, the defendant filed a notice of appeal.

*Simpson, Aycock, Beyer & Simpson, by Louis E. Vinay, Jr. and Dan R. Simpson, for plaintiff-appellee.*

*Roberts Stevens & Cogburn, P.A., by Allan P. Root, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff and defendant separated in December of 1974. At the time of the separation of the parties, plaintiff-husband was a fifty percent (50%) owner of and employed by Romarco Ltd., a corporation engaged in the manufacture of imitation marble. Defendant-wife was a part-time employee of the company. Plaintiff and defendant owned jointly a home and its furnishings in Morganton. Plaintiff had a substantial separate estate. All children of the marriage were of age at the time of separation.

Upon separation, the parties entered into a deed of separation agreement on 6 December 1974. On 9 May 1980, a judgment of divorce was entered between Mr. and Mrs. Rogers. The divorce judgment stated in pertinent part:

ROGERS v. ROGERS

[111 N.C. App. 606 (1993)]

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW AS FOLLOWS:

1. That the plaintiff is entitled to a judgment of absolute divorce from the defendant.

2. That the parties have entered into a deed of separation on December 6, 1974, which settled all property and other rights as between the parties and should be incorporated herein and a copy attached.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

1. The bonds of matrimony heretofore existing between the plaintiff and defendant be and they are hereby dissolved and the plaintiff and defendant are hereby granted an absolute divorce from each other.

2. That plaintiff and defendant fully perform and comply with the terms and provisions of the separation agreement attached hereto as Exhibit A and incorporated herein by reference as if fully set out.

3. That this cause be retained by this Court, should either party wilfully fail to comply with and perform the terms and conditions of the separation agreement attached hereto as Exhibit A. This Court may, be [sic] appropriate Order, enforce the said Agreement by holding the breaching party in contempt of this Court and to punish the said party as by law provided.

The divorce judgment entered by the court did not set out an award of alimony nor did it specifically set out any property rights of the parties. Instead, the court incorporated the deed of separation agreement entered into between the parties as their settlement of all property and other rights.

On 23 June 1989, defendant filed a motion before the district court to show cause why the plaintiff should not be held in contempt of court for alleged failure to comply with the terms of the deed of separation, and in the alternative to have the terms of the deed of separation modified.

On 26 February 1990, Judge Timothy Kincaid heard the defendant's motion to compel discovery, and entered an order on that

**ROGERS v. ROGERS**

[111 N.C. App. 606 (1993)]

date denying the motion. The order included a conclusion of law that the separation agreement between the parties was not modifiable by the court because the alimony provisions and property divisions were reciprocal considerations. A further conclusion of law determined that defendant had requested discovery far beyond that information necessary to determine if plaintiff had complied with the terms of the separation agreement and judgment, and therefore the court sustained plaintiff's objection to such discovery.

On 16 December 1991, Judge Robert E. Hodges heard the underlying motion in the cause of the defendant. Judge Hodges subsequently entered an order on 11 February 1992 denying that part of the defendant's motion in the cause which requested a modification of the separation agreement. Defendant filed a notice of appeal from the denial of the motion in the cause and the interlocutory order denying the motion to compel discovery. The two issues presented for appeal are (1) whether the separation agreement was subject to modification by the court, and (2) whether the court properly denied certain discovery requests made by defendant.

By the first assignment of error, defendant contends that the trial court erred when it denied defendant's motion in the cause. We disagree.

North Carolina General Statutes § 50-16.9(a) provides:

§ 50-16.9 *Modification of order.*

(a) An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon a motion in the cause and a showing of changed circumstances by either party or anyone interested. This section shall not apply to orders entered by consent before October 1, 1967.

North Carolina General Statutes § 50-16.9(a) (1987). In order to satisfy the statutory provision three elements must be met:

(1) The court has jurisdiction over the parties and the agreement sought to be modified. Jurisdiction is attained over the agreement when the support provisions of the agreement constitute an order of the court.

(2) The support provisions ordered by the court constitute true "alimony or alimony pendente lite" and are not in fact

merely part of an integrated property settlement. The support provisions of the agreement must be separable from the property settlement provisions.

(3) The party seeking modification meets his or her burden of demonstrating such a change in circumstances as would warrant a modification of the alimony or alimony pendente lite obligations imposed by court order.

*White v. White*, 296 N.C. 661, 666-67, 252 S.E.2d 698, 701 (1979).

In examining the relevant case law, we note at the outset that the instant case is governed by the law as it existed prior to the decision in *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983). The holding in *Walters* was expressly made prospective only and applies to judgments entered on or after 11 January 1983. The divorce judgment in the case *sub judice* was entered on 9 May 1980 and as such *Walters* is not applicable. Thus, the following discussion will involve pre-*Walters* law.

The first requirement before this Court is whether the court has jurisdiction over the parties. The court has jurisdiction over a consent judgment only if it is an order of the court. *White*, 296 N.C. 661, 252 S.E.2d 698. Therefore, we must determine whether the consent judgment in question is an order of the court.

Prior to *Walters*, 307 N.C. 381, 298 S.E.2d 38, the courts categorized separation agreements in consent judgments either as Type I or Type II. The first type is considered merely a contract where the court does nothing more than approve payments and set them out in a judgment. *Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E.2d 240, 242 (1964). Traditionally, this type of consent judgment was not held to be a court order, and was enforceable only as an ordinary contract. *Id.* In the second type of consent judgment, the court adopts the agreement of the parties as its own determination of the parties' respective rights. The second type of consent judgment, "being an order of the court, may be modified by the court at any time changed conditions make a modification right and proper." *Id.* In *Walters*, the Supreme Court abolished the two-type approach by decreeing that all consent judgments approving separation agreements are judgments of the court modifiable and enforceable by contempt. We have determined earlier that *Walters* does not apply to this case; therefore, we consider whether the first element has been met.

ROGERS v. ROGERS

[111 N.C. App. 606 (1993)]

In the case *sub judice*, the consent judgment clearly states that "plaintiff and defendant fully perform and comply with the terms and provisions of the separation agreement attached hereto as Exhibit A and incorporated herein by reference as if fully set out." "When the parties' agreement with reference to the wife's support is incorporated in the judgment, their contract is superseded by the court's decree, which then ceases to exist as an independent enforceable contract." *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E.2d 71, 73 (1967). The consent judgment, in the instant case, is a court order enforceable by the court's contempt power. The trial court does have jurisdiction over the consent judgment pursuant to North Carolina General Statutes § 50-16.9(a).

The second statutory requirement for modification pursuant to North Carolina General Statutes § 50-16.9(a) is that the support provisions ordered by the court constitute "alimony or alimony pendente lite." North Carolina General Statutes § 50-16.1(1) and North Carolina General Statutes § 50-16.1(2) (1987). Even though denominated as such, periodic support payments to a dependent spouse may not be true alimony within the meaning of the North Carolina General Statutes § 50-16.9(a) if they are actually part of an integrated property settlement. *Marks v. Marks*, 316 N.C. 447, 454, 342 S.E.2d 859, 864 (1986). "The test for determining if an agreement is an integrated property settlement is whether the support provisions for the dependent spouse 'and other provisions for a property division between the parties constitute reciprocal consideration for each other.' " *Id*. If support provisions are found to be consideration for, and inseparable from, property settlement provisions, the support provisions, even if contained in a court-ordered consent judgment, are not alimony but instead are merely a part of an integrated property settlement which is not modifiable by the courts. *Bunn*, 262 N.C. at 70, 136 S.E.2d at 243.

In determining whether a provision in a consent judgment is for alimony alone and thus severable from the remaining provisions and terminable upon the wife's remarriage, or whether the provisions for alimony and the provisions for division of property constitute reciprocal consideration so that they are not separable and may not be changed without the consent of both parties, a consent judgment must be construed in the same manner as a contract to ascertain the intent of the parties. *Allison v. Allison*, 51 N.C. App. 622, 277 S.E.2d 551, *appeal dismissed and cert. denied*, 303 N.C. 543, 281 S.E.2d 660 (1981).

Several factors indicate that the parties intended the deed of separation to be a complete property settlement, and its provisions reciprocal consideration of them, as the court below concluded, rather than separate alimony and property division provisions.

The separation agreement, in the case *sub judice*, states that "Now, Therefore, for and in consideration of the agreements, stipulations and covenants herein contained, the wife does hereby stipulate, agree and covenant with the husband, and the husband does hereby stipulate, agree and covenant with the wife as follows[.]" The agreement then goes on to set out a property settlement and a schedule of alimony payments for the wife. From a reading of the agreement, it is our understanding that the agreements, stipulations and covenants concerning the property settlement and alimony payments were used as reciprocal consideration.

Secondly, defendant conveyed her interest in certain personal property to plaintiff, while plaintiff transferred his interest in certain other real and personal property, together with "alimony payment" to defendant. These provisions constitute reciprocal consideration, one for the other. Thus, the provisions of the deed of separation are related, evincing a complete property settlement between the parties. *Barr v. Barr*, 55 N.C. App. 217, 284 S.E.2d 762 (1981).

Lastly, the "alimony payments" in the agreement were not true alimony payments in that they do not end upon the remarriage of defendant. This is evidence, albeit inconclusive, that the parties did not intend for the payments to be true alimony payments. North Carolina General Statutes § 50-16.9(b) (1987). Also, there is no language in the agreement finding defendant to be a "dependent" spouse and plaintiff to be a "supporting" spouse; such designations are usually indicative of the payment and receipt of alimony. North Carolina General Statutes § 50-16.1 (1987) and North Carolina General Statutes § 50-16.2 (1987). This Court has considered the absence of such findings as supportive of an interpretation that the payment provisions are not alimony. *Barr*, 55 N.C. App. 217, 284 S.E.2d 762.

When the foregoing factors are weighed together, we find that the court below was correct in concluding that the provisions of the deed of separation constitute reciprocal consideration, and therefore are not separable and modifiable without the parties' consent.

By defendant's second assignment of error, defendant contends that the trial court erred when it denied defendant's motion to compel discovery. We disagree.

As we have determined that the support and property provisions of the deed of separation exist reciprocally, and are thus not modifiable by this Court, we find it would be pointless to compel discovery on the issue of modification of the separation agreement.

The decision of the trial court is affirmed.

Judges ORR and McCRODDEN concur.