DEBORAH JEAN MICHAEL (now MARTIN), Plaintiff,
v.
RUSSELL JAMES MICHAEL, Defendant.
No. COA08-1378
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Mitchell S. Mclean for plaintiff.
George B. Currin and Bryant Duke Paris, III, for defendant.
ELMORE, Judge.
Russell J. Michael (defendant) appeals from a 24 June 2008 order concluding that his monetary support obligation to his ex-wife, Deborah J. Michael (plaintiff), was part of property settlement between the two parties and in accordance with the parties' separation agreement. Defendant claims that the trial court erred by entering many of its findings of facts and conclusions of law, all of which led to the trial court finding defendant responsible for continued monthly payments, payment of arrears, and payment of plaintiff's attorney fees. For the reasons herein, we find no error.

I Plaintiff and defendant were married in August 1979. [R p. 10] In March 2002, the Michaels filed for bankruptcy protection under Chapter 13 in the United States Bankruptcy Court of the Eastern District of North Carolina. The bankruptcy plan was confirmed on 4 June 2002. While the bankruptcy case was still pending, the Michaels separated and entered into a Separation and Property Settlement Agreement (the Agreement) on 8 July 2004. During the bankruptcy proceeding, the bankruptcy judge entered an Order to Sell Real Property. This order allowed the Michaels to sell their marital home and use proceeds from the sale to pay off the mortgage and other debts. The bankruptcy case concluded on 5 May 2005.
In December 2005, plaintiff and defendant were divorced. The trial court incorporated the Agreement into the divorce judgment. The Agreement consisted of four sections: Separation Agreement, Provisions for Child Custody and Visitation, Property Settlement, and Nature and Effect of Agreement. The Property Settlement section detailed the division of the parties' marital property. In this section, defendant agreed to pay plaintiff one-half of his disposable post-tax income or the sum of $1,100.00, per month, whichever was greater (the monthly payment). The Property Settlement section also required defendant to maintain health and dental insurance on plaintiff unless she remarried, at which time defendant could terminate the insurance coverage. In dividing the Michaels' automobiles, the Agreement specified that defendant receive the Kia automobile and assume any debt on that automobile. In the Separation Agreement section, each party waived the right to seek alimony or spousal support.
Plaintiff remarried in November 2007. On 6 December 2007, defendant moved to terminate the monthly payment. In this motion, defendant characterized the monthly payment as alimony and sought to terminate it because plaintiff's remarriage was a substantial change in circumstances, which would allow him to stop the payments. On 28 December 2007, plaintiff filed a motion to enforce the terms of the Agreement and to hold defendant in contempt for his refusal to make the monthly payments. Plaintiff also claimed that defendant allowed her medical and dental coverage to lapse, which resulted in plaintiff paying out-of-pocket Medicare and dental expenses for many months prior to her remarriage. In addition, she claimed that she had to pay outstanding debt on the Kia automobile even though defendant received that automobile pursuant to the Agreement. Finally, she claimed that defendant had failed to pay every monthly payment for a period of time and owed her arrears in the amount of $8,600.00.
The trial court conducted a hearing on the parties' motions during which it reviewed evidence and heard arguments. Defendant testified that he had intended the monthly payments to be spousal support or alimony. However, plaintiff testified that she had intended the monthly payments to be property settlement payments, not alimony; they were reciprocal consideration for the over $200,000.00 in marital debt that she had paid off using the proceeds from the sale of the marital house.
On 24 June 2008, the trial court entered an order granting plaintiff's motion and denying defendant's motion. The sixteen-page order contained forty-two findings of fact and seventeen conclusions of law. The court also found defendant in contempt of court for failing to comply with the order to make the monthly payments to plaintiff. The court determined that defendant owed plaintiff the following amounts: $2,000.00 for the Kia automobile that defendant received as part of property settlement, but for which plaintiff had to pay off the debt; $4,393.20 for out-of-pocket Medicare expenses that plaintiff incurred after defendant allowed her medical insurance to lapse; $8,550.00 in arrears for the monthly payments; and $2,200.00 for plaintiff's attorney fees.
In denying defendant's motion, the trial court found that the Agreement required defendant to pay monetary support to plaintiff in the amount of $1,100.00 per month and that this obligation was part of the parties' property settlement, and, as per the specific language of the Agreement, not post-separation support, alimony, or any other form of spousal support. Defendant now appeals.

II
Defendant first argues that his $1,100.00 monthly payments were alimony and not reciprocal consideration for property settlement, and thus should have terminated upon plaintiff's remarriage. Defendant also contends that the monetary support payments cannot be reciprocal consideration for property received under the Agreement because payments will continue for the rest of his life. He claims that the trial court erred by basing its decision solely on the language of the Agreement.
Specifically, defendant challenges the following findings of fact:
14. That the court finds that the said Separation Agreement, on page six, required the defendant to pay monetary support to the plaintiff in the amount of $1,100.00 per month. This monetary support obligation was part of the property settlement of the plaintiff and defendant and was not post separation support, alimony or any form of spousal support, based upon the specific provisions of the said Separation Agreement.
15. That the court does not find that the said monetary support obligation is in the nature of post separation support, alimony or any form of spousal support and therefore is not modifiable pursuant to N.C.G.S. § 50-16.9.
21. That the Separation Agreement, on page six, required the defendant to pay monetary support to the plaintiff in the amount of $1,100.00 per month. This monetary support obligation was part of the property settlement of the plaintiff and defendant and was not post separation support, alimony or any other form of spousal support, based upon the specific provisions of the said Separation Agreement.
30. That the terms of the aforesaid Separation Agreement specifically provided that the defendant's monetary support obligation to the plaintiff was in the nature of a property settlement and was in no way to be deemed as post separation support, alimony or spousal support. Therefore, the defendant is not entitled to terminate his monetary support obligation to the plaintiff due to the plaintiff's remarriage. The defendant should be specifically ordered to continue paying the plaintiff the sum of $1,100.00 per month as monetary support, pursuant to the terms of the aforesaid Separation Agreement.
Defendant also challenges the following conclusions of law:
3. That the defendant's Motion In Cause For Change In Circumstances, praying for the defendant's monetary obligation to the plaintiff of $1,100.00 per month to be terminated, should be denied.
4. That the defendant's monetary support obligation to the plaintiff, in the sum of $1,100.00 per month, is in the nature of a property settlement, and is not deemed as post separation support, alimony or spousal support.
5. That the defendant's $1,100.00 per month monetary support obligation to the plaintiff, as a portion of the property settlement set forth in the Separation Agreement, is non-modifiable.
6. That the defendant should be required to continue paying the plaintiff the sum of $1,100.00 per month as monetary support, pursuant to the terms of the aforesaid Separation Agreement.
When an appellate court reviews a trial court's ruling in a non-jury trial, the standard of review is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." Cartin v. Harrison, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002). "The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary." Pegg v. Jones, 187 N.C. App. 355, 358, 653 S.E.2d 229, 231 (2007). The trial court's findings need only be supported by substantial evidence to be binding on appeal. Pulliam v. Smith, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998). The North Carolina Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations and citation omitted).
In this case, the questioned findings of fact are supported by competent evidence. The provision for monetary support appeared in the Agreement's Property Settlement section, which contained the following subheading and provisions:
2. PROPERTY DIVISION AND SETTLEMENT. It is the intent and desire of the Husband and Wife to make a division of their marital property in a property settlement and they do hereby agree to the following division of their property:
* * *
G. Monetary Support. Husband shall pay to Wife one-half (1/2) of his disposable income, after the deduction of State and Federal taxes, or the sum of $1,100.00 per month, whichever is greater.
Additionally, the Agreement stated that both parties waived alimony. Section one of the Agreement, titled Separation Agreement, contained the following relevant language:
4. RELEASE OF PROPERTY AND ESTATE RIGHTS. Except as otherwise provided herein, each party waives, relinquishes, renounces and quitclaims unto the other any and all rights .. . arising by reason of their marital relationship[.] This shall include any right to bring a claim or collect for alimony or spousal support.

(Emphasis added.)
The plain language of the Agreement clearly states that the monthly payments were intended to be part of the property settlement, not alimony or other spousal support: the provision for monetary support appeared as a subsection of the Property Settlement section; the monetary support term was listed among the provisions that divided the marital property; and the Separation Agreement section contained a separate provision for alimony, which was waived by both parties. Because alimony may be barred by an express provision of a valid separation agreement, monetary support cannot be equated to alimony in the Agreement. See N.C. Gen. Stat. § 50-16.6 (2007) ("Alimony, postseparation support, and counsel fees may be barred by an express provision of a valid separation agreement or premarital agreement so long as the agreement is performed."). By signing the Agreement, defendant affirmed that he read and fully understood all of its provisions, including the provision that plaintiff waived her right to alimony or any other form of spousal support. Plaintiff's testimony bolsters this conclusion, and thus we hold that the findings of fact are supported by substantial evidence.
Turning next to whether defendant's challenged conclusions of law are supported by the findings of fact, we hold that they are. Having already concluded that the findings of fact are supported by substantial evidence, it is apparent that those findings support the trial court's conclusions of law. Nevertheless, defendant asks us to look at the intent of the parties at the time they entered into the Agreement and interpret the Agreement based on what they intended or might have intended at that time. Interpreting a contract requires the court to examine the language of the contract itself for indication of the parties' intent at the moment of execution. "[I]f the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." Helms v. Schultze, 161 N.C. App. 404, 409, 588 S.E.2d 524, 527 (2003). See also Rogers v. Rogers, 111 N.C. App. 606, 612, 432 S.E.2d 907, 910 (1993) (finding enough evidence in the language and terms of the agreement to conclude that the parties did not intend for periodic payments to be true alimony payments). Furthermore, construction of the contract is a matter of law for the court and it "cannot look beyond the terms of the contract to determine the intentions of the parties." Hartman v. Hartman, 80 N.C. App. 452, 454, 343 S.E.2d 11, 13 (1986) (affirming summary judgment in favor of the ex-wife where an agreement fully disposed of the parties' property rights and acted as a bar to the ex-husband's equitable distribution claim). Here, the plain language of the Agreement is clear and the trial court properly inferred the parties' intent from it. That intent was accurately summarized in findings of fact fourteen and thirty, which support the relevant conclusions of law.
Defendant also contends that the monthly payments cannot be considered reciprocal consideration for property received under the Agreement because the payments were set to continue for the rest of his life. This contention lacks merit. In effect, defendant is asking this Court to insert words into the Agreement. North Carolina law on contract construction is well-settled. If the language of an agreement is clear and explicit, "the construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written." Hemric v. Groce, 169 N.C. App. 69, 76, 609 S.E.2d 276, 282 (2005). As discussed above, the monetary support provision was clearly listed as part of the parties' property settlement. Defendant agreed to make the monthly payments pursuant to the division of the marital property. We will not rewrite that agreement simply because defendant now claims that payments could not have been reciprocal consideration for property received.
Accordingly, we hold that the trial court's findings of fact support its conclusions of law. Based upon provisions of the Agreement signed by both parties and witness testimony, the trial court correctly concluded that the $1,100.00 monthly payments were part of the property settlement, and not postseparation support, alimony, or any other form of spousal support. The court also correctly concluded as a matter of law that defendant was in civil contempt of court for "his willful failure and non-compliance of the monetary terms of the Separation Agreement and Judgment," and defendant must pay "arrearage sum to the plaintiff, in the total amount of $14,943.20." The argument pertaining to defendant's contempt of court will be discussed fully in section IV of this opinion.

III
Defendant next argues that the Agreement did not contain explicit, unequivocal language stating that the monthly payments were reciprocal consideration for property received by defendant under the Agreement. Based on the holding of White v. White, defendant contends that, because there is no specific clause regarding the reciprocal nature of the monetary support and property division provisions, the two provisions should be presumed separable. 296 N.C. 661, 672, 252 S.E.2d 698, 704-05 (1979) (finding that the ex-wife was entitled to an evidentiary hearing since language of the consent judgment was not clear as to the separability of property division and support provisions). Defendant also contends that the effect of this presumption is that plaintiff had the burden of proof on the issue of separability and the trial court should have conducted an evidentiary hearing. Such a hearing was required to determine whether the parties intended the monetary support and property division provisions to be separable or integrated. Id. at 672, 252 S.E.2d at 704. In White, the North Carolina Supreme Court stated that if the issue of separability of support payment and property division provisions is not adequately addressed by the language of a consent judgment or separation agreement, then those provisions are presumed to be separable. Id. at 672, 252 S.E.2d at 704. The instant case is distinguishable from White because the language of the separation agreement adequately addressed the issue of separability of the two provisions.
In White, the court lacked any evidence that an agreement was reached between the parties prior to entry of a consent judgment:
Here we are handicapped by the trial court's failure to hold a hearing before dismissing the motion. The record is devoid of any facts bearing on the negotiations between the parties, their financial situations before and at the time they consented to the judgment, and their motivation for entering into an agreement with these particular terms. There are some allegations in the documents before us about the parties' finances, but no significant admitted or proven facts.
Id. at 669, 252 S.E.2d at 703. When a separation agreement or consent judgment is ambiguous, a court must determine the parties' intent regarding separability of provisions from factual evidence and surrounding circumstances. Barr v. Barr, 55 N.C. App. 217, 219, 284 S.E.2d 762, 763-64 (1981). However, if the provisions in question constitute reciprocal consideration, such provisions are not separable and modifiable without the parties' consent. Id. at 220, 284 S.E.2d at 764 (finding ex-wife to have met her burden of proof to show that provisions of a consent judgment were reciprocal consideration for property settlement, and hence could not be modified at ex-husband's behest). In this case, the Agreement provided a detailed account of property division between the parties and other aspects of their separation. The language of the Agreement was clear with respect to the nature of the monthly payments. Moreover, the payments could not be defined as alimony because the Agreement did not provide for them to terminate upon the death or remarriage of plaintiff and alimony was specifically waived in the Agreement.
In contrast to the trial court in White, the trial court here conducted an evidentiary hearing to determine the mutual intent of the parties regarding the nature of the monthly payments. At the hearing, each party offered oral testimony and documentary evidence regarding the intended nature of the monthly payments. In this case, the testimony and documentary evidence supported the trial court's findings and conclusions that the monthly payments were property settlement and not alimony; in White, the trial court ruled as a matter of law on a motion to dismiss for failure to state a claim. 296 N.C. at 667, 252 S.E.2d at 702. We conclude that the lack of explicit, unequivocal language stating that the monetary support payments are reciprocal consideration for property received by defendant under the Agreement does not alter our view that the trial court correctly determined the nature of the payments.

IV
Defendant next argues that there is no competent or substantial evidence to support a finding that he willfully refused to comply with the divorce judgment. In a related argument, defendant contends that the trial court erred by finding defendant in contempt for failure to provide health insurance to plaintiff. He claims that the trial court's conclusion of law regarding his willful continued civil contempt of court is unsupported by valid findings of fact. Finally, he argues that the trial court's award of $4,393.50 to plaintiff for reimbursement for out-of-pocket medical expenses was incorrect, and should be reversed. We disagree.
The trial court found defendant to be "in willful continuing civil contempt of court for his willful failure and non-compliance of the monetary terms of the Separation Agreement and Judgment." To find a party in continuing civil contempt, the following criteria must be met: (1) the order remains in force, (2) the purpose of the order may still be served by compliance with the order, (3) the non-compliance was willful, and (4) the non-complying party is able to comply with the order or is able to take reasonable measures to comply. N.C. Gen. Stat. § 5A-21(a) (2007). The proper standard of review for a contempt order is limited to "whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Blazer v. Blazer, 109 N.C. App. 390, 392, 427 S.E.2d 139, 140 (1993). A trial court's "findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." Williams v. Insurance Co., 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). When making findings of fact, the trial judge has discretion to determine the credibility of witnesses and to give weight to the testimony of each witness. Brandon v. Brandon, 132 N.C. App. 646, 651-52, 513 S.E.2d 589, 593 (1999).
In the case sub judice, the trial court's findings meet the four criteria set forth in N.C. Gen. Stat. § 5A-21(a). First, the order remains in force because defendant's monthly payment obligation to plaintiff did not cease upon plaintiff's remarriage. Additionally, defendant was required to maintain health insurance coverage on plaintiff pursuant to the parties' property settlement. The Property Settlement section contained the following relevant language:
2. PROPERTY DIVISION AND SETTLEMENT. It is the intent and desire of the Husband and Wife to make a division of their marital property in a property settlement and they do hereby agree to the following division of their property:
* * *
F. Insurance Benefits. Husband shall provide the Wife with health and dental insurance, through his employment, until such time as the Wife shall remarry. It is acknowledged that the Wife currently has MS and diabetes.
Second, the purpose of the order may still be served by compliance with the order because the aim of the monthly payments was to serve as reciprocal consideration for property received by defendant. Because the Agreement set no end date for these payments, plaintiff will continue to be benefitted by them. Third, defendant's non-compliance was willful because the parties' testimony demonstrated that defendant knew he was supposed to maintain her insurance coverage, but nevertheless allowed it to lapse many months before plaintiff's remarriage. The trial court considered documentary evidence showing insurance coverage from defendant only until December 2005, after which plaintiff had to furnish her own health insurance. Plaintiff's evidence consisted of a benefit statement from Medicare that showed the cost incurred by plaintiff after defendant's failure to maintain her coverage. Finally, defendant is able to comply with the order; the trial court found that defendant has the "present financial ability to satisfy his Kia, health insurance and monetary support arrearages" and the "present financial ability to pay the [attorney fee] award."
The trial court considered competent and substantial evidence to enter its findings of fact that defendant willfully violated various provisions of the Agreement and the divorce judgment. Because these findings meet the four criteria set forth in N.C. Gen. Stat. § 5A-21(a), we hold that the conclusion of law regarding defendant being in willful continued civil contempt of court is supported by valid findings of fact. In addition, we hold that the trial court properly decreed that defendant owes $4,393.20 to plaintiff for reimbursement of out-of-pocket medical expenses. The court's conclusion of law is supported by valid findings of fact and is legally correct.

V
We conclude that there was competent and substantial evidence introduced at trial to support the trial court's findings of fact and conclusions of law that the monthly payments were not alimony and instead were property settlement payments that were an integral part of the marital property division. There was competent and substantial evidence to support the trial court's decree regarding defendant's willful continuing contempt of court. Consequently, the trial court was correct in awarding plaintiff $2,000.00 for the Kia automobile that defendant received as part of property settlement, $4,393.20 for the out-of-pocket Medicare expenses that plaintiff incurred, $8,550.00 in arrears for the monetary support payments arising out of the Agreement, and $2,200.00 for attorney fees. Accordingly, we affirm the trial court's order.
Affirmed.
Judges BRYANT and CALABRIA concur.
Report per Rule 30(e).