LDDC, INC., A FLORIDA CORPORATION v. ALASKA HOLLAND PRESSLEY AND HUBERT W. PRESSLEY

No. 8430SC61

(Filed 20 November 1984)

1. Tenants in Common § 5— easement over common property—conveyance by one cotenant

The court properly granted summary judgment for one respondent in a declaratory judgment action arising from the conveyance by the other respondent to petitioner of a one-half undivided interest in one of two contiguous tracts owned by respondents as tenants in common, with an easement for a sixty-foot right of way over the adjoining tract. One tenant in common may not bind a cotenant by any act relating to the common property in the absence of ratification or estoppel.

**2. Declaratory Judgment Act § 4— declaratory judgment action appropriate to interpret written instruments—no bar to summary judgment**

> An action for a declaratory judgment is appropriate to interpret written instruments, and there is no bar to granting a summary judgment in a declaratory judgment action. G.S. 1-253.

APPEAL by petitioner from *Downs, Judge*. Judgment entered 13 September 1983 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 25 October 1984.

This appeal arises from a summary judgment entered in a declaratory judgment action. Respondent Hubert W. Pressley and his wife, respondent appellee Alaska Holland Pressley, owned two contiguous tracts of land as tenants in common. Mr. Pressley conveyed by deed a one-half undivided interest in one of the tracts to petitioner LDDC. Alaska Pressley did not join in that conveyance. According to the deed, this conveyance included an easement for a sixty foot right-of-way over the adjoining tract.

Petitioner subsequently instituted a special proceeding to have the conveyed tract partitioned between the new co-tenants, petitioner and respondent Alaska Pressley. In her answer to the petition, Ms. Pressley apparently denied the easement in some manner. The petition for partition and Alaska Pressley's answer thereto do not appear in the record; however, in petitioner's "Petition for Declaratory Judgment," petitioner states that in her answer, Ms. Pressley "denies that petitioner has an easement as set forth in the deed from Hubert W. Pressley to the Petitioner."

Petitioner then brought an action for a declaratory judgment against both Hubert and Alaska Pressley to determine the validity of the easement, asking the court to declare the easement as set forth in the deed valid and binding upon the respondents. Mr. Pressley did not file a response. Ms. Pressley filed an "Answer and Motion for Summary Judgment," in which she alleged that as tenant in common, Hubert Pressley cannot convey a valid easement as to the interest of his co-tenant, Alaska Pressley, in the lands retained by them as tenants in common, and requested that the trial court declare "Petitioner has no easement as to any interest of said Respondent in and to lands owned by said Respondent as tenant in common with Hubert W. Presley. [sic]."

The trial court granted summary judgment, concluding that petitioner did not acquire an easement in the undivided one-half interest of respondent appellee in the adjoining tract, and reasoning that no issues of material fact remained, dismissed the action. Petitioner appeals.

*Edward Thornhill, III, P.A., for petitioner appellant.*

*Brown, Ward, Hayes & Griffin, P.A., and Long, Parker, Payne & Matney, P.A., by Steve Warren, for respondent appellee Alaska H. Pressley.*

VAUGHN, Chief Judge.

[1] We hold that the trial court was correct in concluding that Hubert Pressley, as tenant in common with Alaska Pressley, could not convey an easement for a right-of-way to petitioner which would bind Alaska Pressley, where she did not join in the conveyance. We therefore affirm.

A tenancy in common is characterized by a single essential unity, that of possession, or the right to possession of the common property. *Lockleair v. Martin*, 245 N.C. 378, 381, 96 S.E. 2d 24, 26 (1957). Each tenant owns a separate undivided interest in the land in his or her own right, and each has an equal right to possession. J. Webster, *Real Estate Law in North Carolina* § 110 (Rev. ed. 1981).

Ordinarily, one tenant in common may not bind a co-tenant by any act relating to the common property in the absence of ratification or estoppel. *Hinson v. Shugart*, 224 N.C. 207, 29 S.E. 2d 694 (1944). This concept has been applied in analogous circumstances to those before us. In *Investment Co. v. Telegraph Co.*, 156 N.C. 259, 72 S.E. 361 (1911), a corporate defendant granted a third party the right to post two telephone wires to poles owned by defendant with another corporation as tenants in common. The Supreme Court held that "whether the right which defendant undertook to grant plaintiff be considered a lease . . ., an easement, or revocable license . . .," *id.* at 265, 72 S.E. at 363, defendant had granted that which it was without power to grant:

"The general rule seems to be well settled that one tenant in common cannot, as against his cotenant, convey any part of

the common property by metes and bounds, or even an undivided portion of such part. . . . The reason is obvious. His title is to an undivided share of the whole, and he is not authorized to carve out his own part, nor to convey in such a manner as to compel his cotenants to take their shares in several distinct parcels. . . . Even though his deed may bind him by way of estoppel, as against the cotenants, such deed is inoperative and void. . . . Though tenants in common are . . . all seized of each and every part of the estate, still they are not permitted to do acts which are prejudicial to their cotenants. . . . As one tenant in common cannot convey the entire estate, or the whole of any portion thereof, . . . he cannot subject the common property to particular servitudes, by which the rights of his cotenants will be affected. . . ."

*Id.* at 264, 72 S.E. at 363 (citations omitted). *See also Browning v. Highway Commission,* 263 N.C. 130, 134, 139 S.E. 2d 227, 229 (1964) (the purchase of an easement from one co-tenant does not carry with it an easement in the interest of the other co-tenant). North Carolina law appears to conform to the majority rule. 86 C.J.S. *Tenancy in Common* § 111 (1954).

[2] The quoted passage governs the matter before us and confirms the propriety of the trial court's order. This action was properly brought as one for a declaratory judgment, *see* G.S. 1-253; *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654 (1964), which actions are appropriate to interpret written instruments. *Bellefonte Underwriters Insur. Co. v. Alfa Aviation,* 61 N.C. App. 544, 300 S.E. 2d 877 (1983), *aff'd,* 310 N.C. 471, 312 S.E. 2d 426 (1984). *See also Shingleton v. State,* 260 N.C. 451, 133 S.E. 2d 183 (1963) (declaratory judgment to determine extent of easement granted by State proper). Having ruled that petitioner did not acquire an easement in the undivided one-half interest of respondent appellee, there was nothing left to decide, and the trial court properly dismissed the action. We note there is no bar to granting a summary judgment in a declaratory judgment action, *Threatte v. Threatte,* 59 N.C. App. 292, 294, 296 S.E. 2d 521, 523 (1982), *aff'd,* 308 N.C. 384, 302 S.E. 2d 226 (1983), such motions being governed by the same rules applicable to other actions. *Blades v. City of Raleigh,* 280 N.C. 531, 544, 187 S.E. 2d 35, 42 (1972).

Affirmed.

Judges BRASWELL and EAGLES concur.