RICHARD REINHARDT, Plaintiff,
v.
GLENDALE COMPANIES, INC., JOHN B. HOOPER, RUTH C. HOOPER, Defendants and Third-Party Plaintiffs,
v.
SAVAGE REAL ESTATE AND AUCTION CO., INC., MARY J. SAVAGE, KENNETH SAVAGE, and PHYLLIS A. NICHOLSON d/b/a NICHOLSON REALTY, Third-Party Defendants.
No. COA07-936
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Coward, Hicks & Siler, P.A. by William H. Coward, for plaintiff-appellee.
John B. Hooper, pro se.
Berman Fink Van Horn P.C, by Charles H. Van Horn, Pro Hac Vice, and Cloninger, Elmore, Hensley & Searson, by John C. Cloninger, for third-party defendant-appellees Savage Real Estate and Auction Co., Inc., Mary J. Savage and Kenneth Savage.
STROUD, Judge.
Defendant and third-party plaintiff John B. Hooper ("Mr. Hooper") appeals from an order (1) granting plaintiff's motion to dismiss Mr. Hooper's counterclaims, and (2) granting the motion of Mary J. Savage, Kenneth Savage and Savage Real Estate and Auction Co., Inc. ("the Savage defendants") to dismiss Mr. Hooper's third-party claims. Because Mr. Hooper cited no authority in his brief in support of his claims, we affirm.

I. Background
On review of an order granting a 12(b)(6) motion to dismiss, this Court is required to treat the factual allegations of the claim as true, Locklear v. Lanuti, 176 N.C. App. 380, 383, 626 S.E.2d 711, 714 (2006), and construe the pleadings liberally "in the light most favorable to the nonmovant." Mabrey v. Smith, 144 N.C. App. 119, 124, 548 S.E.2d 183, 187, disc. review denied, 354 N.C. 219, 554 S.E.2d 340 (2001). We note at the outset that the allegations of Mr. Hooper's claims are unclear and sometimes contradictory. Nevertheless, we will construe them liberally and "in the light most favorable to" Mr. Hooper. Id.
Mr. Hooper's wife, defendant Ruth C. Hooper, is President of Glendale Properties, Inc. ("Glendale"). Mr. Hooper and Glendale jointly owned real property in Jackson County.[1] Glendale enteredinto a contract with Savage Real Estate and Auction Co., Inc., to sell the real property at auction. Plaintiff was the highest bidder at auction. Glendale entered into a contract, executed by defendant Ruth C. Hooper as President of Glendale, to convey the property with closing to take place on or before 21 November 2005.[2] Defendants were dissatisfied with the conduct of the auction and the amount of the bid so they refused to close and transfer title to the property.
Plaintiff filed a complaint against Glendale on or about 27 December 2005 alleging breach of contract and requesting an order for specific performance.[3] The complaint was amended on 9 November 2006 to add Mr. Hooper and his wife Ruth as defendants and include claims for fraud, unfair and deceptive trade practices and civil conspiracy. Mr. Hooper filed an amended answer, which included counterclaims and a third-party complaint, on 8 March 2007. The amended answer admitted that the closing did not occur by 21 November 2005, but alleged that it did occur on 13 October 2006.[4] The amended answer further alleged that fraudulent conduct on the part of plaintiff and third-party defendants enabled plaintiff to win the bid, and sought equitable rescission of the contract along with pecuniary relief from plaintiff and third-party defendants. Plaintiff filed a Rule 12(b)(6) motion to dismiss Mr. Hooper's counterclaims on or about 30 March 2007. The Savage defendants denied the material allegations in Mr. Hooper's third-party complaint and moved for Rule 12(b)(6) dismissal of Mr. Hooper's third-party claims in an answer filed on or about 5 April 2007. On or about 11 April 2007, Mr. Hooper filed two memoranda of law in opposition to plaintiff's Rule 12(b)(6) motion. On 14 May 2007, the trial court granted the motions of plaintiff and of the Savage defendants, dismissing Mr. Hooper's counterclaims and third-party claims against those parties. Also in the order of 14 May 2007, the trial court denied motions to dismiss Glendale's claims for (1) breach of contract as to Savage Real Estate and Auction Co., Inc.; (2) professional negligence by the Savage defendants; (3) breach of fiduciary duty by the Savage defendants; (4) breach of contract against Reinhardt; (5) misrepresentation by Reinhardt; (6) negligent misrepresentation by Reinhardt, the Savage defendants, and Nicholson; and (7) and unfair or deceptive commercial practices against all defendants. Mr. Hooper filed a Rule 60 motion for relief from the order on 25 May 2007. The trial court denied the Rule 60 motion on 30 May 2007. Mr. Hooper appeals.

II. Interlocutory Appeal
Mr. Hooper concedes that his appeal is interlocutory, and that his appeal is therefore subject to dismissal absent a showing that a substantial right would be affected if the order is not reviewed immediately. Relying on Acosta v. Byrum, 180 N.C. App. 562, 638 S.E.2d 246 (2006), he contends that the presence of overlapping factual issues which create the possibility of inconsistent verdicts affects a substantial right. Therefore, he contends that the dismissal of his claims against plaintiff and the Savage defendants is immediately reviewable. We agree.

III. Issues
A. Failure To Make Findings and Conclusions
Mr. Hooper assigns error to the trial court's dismissal of his claims on the grounds that the trial court did not find facts or state its legal basis for dismissing his claims. However, "[t]he only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed." White v. White, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979). The allegations in the complaint are treated as factually true when ruling on a 12(b)(6) motion. Id. To the contrary, findings of fact result from the trial court's observation of witnesses and weighing of evidence, White v. White, 90 N.C. App. 553, 557, 369 S.E.2d 92, 95 (1988), and are generally inappropriate when the trial court rules on a Rule 12(b)(6) motion, see Devaney v. Miller, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2008). Likewise, the trial court's only legal conclusion when granting a 12(b)(6) motionis when the allegations in the complaint are taken as true, they are insufficient "to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not."Locklear, 176 N.C. App. at 383, 626 S.E.2d at 714 (citation and quotation omitted). Conclusions of law in an order granting a Rule 12(b)(6) motion are therefore unnecessary surplusage. United Virginia Bank v. Air-Lift Associates, 79 N.C. App. 315, 323, 339 S.E.2d 90, 95 (1986). Accordingly, we hold that the trial court did not err when it failed to include findings of fact and conclusions of law in the order dismissing Mr. Hooper's claims.
B. Sufficiency of Mr. Hooper's Claims
Mr. Hooper also assigned error to the trial court's dismissal of his claims which he contends are "sufficient to state a claim upon which relief may be granted under some legal theory." Despite the fact that Mr. Hooper's forty-two page amended answer and counterclaim contains (in addition to responses to the allegations of the amended complaint) eight separate affirmative defenses, four counterclaims against plaintiff, and ten third-party claims, Mr. Hooper has not made any specific arguments or cited any law in his brief to support any of these separate claims but has addressed them collectively only in broadside fashion. When an appellant fails to cite authority to this Court as to what legal theory entitles him to relief, the assignment of error is taken as abandoned and not subject to review. N.C.R. App. P. 28(b)(6); Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement anappellant's brief with legal authority or arguments not contained therein."), disc. review denied, 360 N.C. 63, 623 S.E.2d 582 (2005); Citizens Addressing Reassignment and Educ., Inc. v. Wake Cty Bd. of Educ., 182 N.C. App. 241, 247, 641 S.E.2d 824, 828 (2007) ("Without plaintiff presenting a legal basis for awarding such relief, we cannot reverse the trial court."), disc. review denied, 362 N.C. 234, ___ S.E.2d ___ (2008). Mr. Hooper's brief states, "[a]ppellant specifically argues that his complaint on its face does not reveal the absence of law to support his claims, does not reveal the absence of facts sufficient to make a valid claim and does not disclose some fact that necessarily defeats his claim." This vague conclusory statement, absent citation to any legal authority which supports his claims, is not sufficient for us to review the order of the trial court. This assignment of error is dismissed.
C. Rule 60 Motion
Mr. Hooper contends that because the initial order did not contain findings of fact, the trial court abused its discretion when it denied his Rule 60 motion. Because we already concluded supra that the trial court did not err when it did not include findings and conclusions in the initial order, we overrule this assignment of error.

IV. Conclusion
Mr. Hooper has not shown this Court that the trial court erred in the order dismissing his counterclaims and third-party claims, or in the order denying his motion for relief from that order. Accordingly, we affirm.
AFFIRMED.
Judges TYSON and GEER concur.
Report per Rule 30(e).
NOTES
[1] Mr. Hooper alleges in his counterclaim that the real property was "owned jointly by Mr. Hooper, individually and Glendale" and that he was "an owner of an undivided one-half interest" in the property. Mr. Hooper also alleges that Glendale "entered into a Real Estate Auction Contract" to sell the property. Later in his counterclaim, Mr. Hooper alleges that "[b]y operation of law, Mr. Hooper, Petitioner, and Reinhardt are tenants in common of the real estate that is the subject matter of this action with each party owning an undivided one-half interest." Despite his contradictory allegations, as we are to construe the pleadings in the light most favorable to Mr. Hooper, we assume that Mr. Hooper and Glendale each had some type of ownership interest in the property.
[2] Mr. Hooper alleged that this date did not appear in the contract at the time it was signed by Ruth C. Hooper, but was added later by the Savage defendants.
[3] The initial answer of Mr. Hooper which was "amended" by the amended answer referenced herein does not appear in the record on appeal, if in fact it ever existed. Nor does the record contain the answers and counterclaims of Glendale which were ruled on in the trial court's order of 14 May 2007 in addition to the claims of Mr. Hooper, but are not the subject of this appeal. The procedural facts as noted herein are limited by these deficiencies in the record.
[4] Plaintiff and Glendale entered into a stipulation on 5 October 2006 to proceed with the closing of the sale of the real property as soon as possible. R 7 Plaintiff alleged that the closing still had not occurred when his amended complaint was filedon 9 November 2006. Because Mr. Hooper's answer and counterclaim asserts that the closing did in fact occur on 13 October 2006, we assume that it did.